ARTHUR HAMILTON, Appellant,
*against*
WILLIAM MARSH, Appellee,

ACTION against an officer for neglecting to return a writ of attachment.

The plaintiff declared on the case, for that he purchased out a writ of attachment against one *Charles Forbes*, upon a promissory note for 111 dols. 25 cts. returnable to *Rutland* County Court, *November*, A. D. 1800; that he delivered the same to the de-

When an officer neglects to return a writ through mere casualty, the actual injury the plaintiff has sustained, by the non-return of the precept, must be the measure of damages.

fendant in his capacity of constable of *Shrewsbury*, to serve and return according to law, as therein commanded; but the defendant, &c. neglected to return said writ, &c. whereby he hath totally lost his debt, and suffered other damage.

The general issue pleaded and put to the Jury.

It appeared in evidence, that at the service of the writ, *Forbes* was an inhabitant of the State, and held in fee a farm in *Shrewsbury*, and possessed a valuable personal property; that the defendant arrested *Forbes*, and took responsible bail for his appearance; that before the return day he conveyed his real estate, and removed with his personal property into the State of *Massachusetts*, where he purchased a farm, and has resided ever since in the vicinity of the plaintiff, who is his brother-in-law; that the officer lost the writ on his way to the County Clerk's office.

The question now made to the Jury is, what shall be the measure of damages?

The plaintiff contended for his whole demand upon the promissory note, with the costs of the writ, and for his travel and attendance at Court.

The defendant's counsel urged, that his failing to return the writ was not a *wilful neglect*, and that it was in evidence that the plaintiff's debt was not lost, but might be readily recovered by the plaintiff, who was in affinity with him, and commorant in his neighbourhood, where *Forbes* possessed property amply sufficient to discharge the demand.

*Curia.* The Court, in their charge to the Jury, directed them to distinguish between a wilful ne-

glect in an officer to return a precept in a civil action, and a neglect occasioned by mere casualty. In the former case, the officer may be even punished criminally, and the party injured ought to recover the whole debt, if it be lost by the neglect; and if the original defendant be in good circumstances, so that the debt is not lost, the plaintiff ought to be recompensed for the injury he may have sustained with exemplary damages, according to the aggravation of the wilful neglect; but where an officer neglects to return a precept through mere casualty, as in the present case, the *actual injury* the plaintiff has sustained by the non-return of the writ must be the measure of damages.

The Jury returned a verdict for the plaintiff, 20 dollars, and costs.

*Darius Chipman,* for the plaintiff.
—— ——, for defendant.